ELEUTERIA NIEVES, Petitioner, *v.* DISTRICT COURT OF AGUADILLA, Respondent.

No. 689. Argued January 27, 1930.—Decided March 31, 1930.

*José Veray Jr.,* for petitioner.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Ernestina Martínez filed an action in the Municipal Court of Aguadilla against Eleuteria Nieves to recover the sum of eighty-four dollars.

The procedure prescribed by Act No. 10 of 1921 (Session Laws, p. 112), establishing special proceedings in the municipal court of Porto Rico, was followed, and a judgment for the defendant was finally rendered.

The plaintiff appealed to the district court, but failed to affix to the notice of appeal any internal revenue stamp. Thereupon the defendant moved the appellate court for a dismissal of the appeal, relying on section 3 of the said act. The court, construing the legal provisions invoked, rendered on January 10, 1930, a decision in which it held that it was sufficient for the appellant to have affixed, as she did, the revenue stamp to her complaint in order to be entitled to prosecute the appeal without the payment of further fees; whereupon the defendant applied to this court for a writ of certiorari. The writ was issued and the parties duly submitted their case to this court.

The applicable law is section 3 of Act No. 10 of 1921, which reads as follows:

"Section 3.—To every complaint, answer or notice of appeal, as the case may be, the parties shall affix a revenue stamp of the value of one (1) dollar which shall be cancelled by the secretary of the court, such being the only act to be taxed in each case to its final.

decision; *Provided,* That when any of the parties shows by affidavit that he is unable to pay such costs, the court shall exempt him therefrom and such party shall then be entitled to the services of all judicial officers, as if such costs had been paid.''

In support of her contentions, the plaintiff, appellant below, submitted the following argument in her brief:

''It is the opinion of the appellant that in an action instituted under Act No. 10 of 1921 all that the plaintiff is required to pay is a fee of one dollar in internal revenue stamps. The act states that the one-dollar stamp shall be affixed 'to every complaint, answer or notice of appeal, as the case may be,' which means that it must be affixed to the complaint, and to the answer; and in the event that the defendant fails to answer and takes an appeal then, and only then, the stamp is required to be affixed to the notice of appeal.

''The purpose sought by Act No. 10 is to facilitate the procedure in actions of debt where the amount involved does not exceed one hundred dollars, and at the same time to render the procedure inexpensive. That purpose is perfectly manifest from the wording of the statute itself.

''The case would be different if it had been provided in terms that the parties must affix an internal revenue stamp to each complaint, answer, or notice of appeal. The phrase used 'as the case may be' means in default or in the absence thereof.''

We agree that Act No. 10 of 1921 seeks to facilitate the procedure in actions of debt, where the amount involved does not exceed one hundred dollars, and to make the enforcement of such claims as inexpensive as possible; but we do not agree that the provision relating to the affixing of the one-dollar internal revenue stamp refers only to a case where the defendant failed to file an answer in the municipal court and has taken an appeal. The words ''as the case may be'' used in the statute can only mean ''in case of an appeal'' taken either by the plaintiff or by the defendant, whether he answers the complaint or not. A new course of proceedings (*instancia*) is involved. By the appeal, recourse is had to another court and a request is made for a new hearing and a new judgment. It seems only logical that a new payment

should be required. And really the small amount fixed can not be more in harmony with the spirit of the statute.

From the foregoing, it is clear to us that petitioner Eleuteria Nieves is right and that, as the plaintiff-appellant failed to affix to her notice of appeal the revenue stamp required by law, her appeal was not perfected, and hence the district court did not acquire jurisdiction of the action. The order of January 10, 1930, under review, must be set aside and another entered instead dismissing the appeal.

Mr. Justice Wolf and Mr. Justice Texidor took no part in the decision of this case.